**APSELOFF v NORTHWESTERN NATIONAL INS. CO., etc., et**

Ohio Appeals, 1st Dist, Hamilton Co

No 5944. Decided April 7, 1941

Rappoport & Rappoport, Cincinnati, for appellee, Apseloff.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati. for appellant.

James L. Magrish, Cincinnati, for appellee, The Security Savings & Loan Co.

## OPINION

By HAMILTON, J.

The action below was brought by Apseloff and is heard on appeal on questions of law.

The plaintiff, Apseloff sought to recover for damage to the boiler of his heating equipment in his dwelling house. His suit is upon a policy of insurance issued to him by the defendant Insurance Company. His claim is predicated upon a gas explosion clause attached to the policy, which provides, among other things: "this policy shall cover loss or damage to the property described herein, caused by explosion of artificial or natural gas when used or supplied for fuel or lighting purposes, whether fire ensues or not, * * *"

Plaintiff in his amended petition claims that on September 21st, 1938, the gas steam boiler and the attachments, fittings, connections, pipes and equipment thereof, in said dwelling house which was a part of the premises insured by the defendant, which were owned by the plaintiff, were damaged

and destroyed by fire and explosion due to the collapse or rupture of said gas steam boiler from internal pressure or due to an explosion of artificial or natural gas used or supplied in said boiler for fuel purposes, and claimed damage in the sum of $726.00.

The defendant Insurance Company answered by way of a general and special denial, and denied all responsibility for the damage claimed.

The case was tried to a jury which returned a verdict for the plaintiff in the sum of $280.00. Judgment was entered on the verdict, and the defendant Insurance Company appeals to this court on questions of law.

At the close of the evidence, the defendant Insurance Company moved for an instructed verdict in its favor, which motion the trial court overruled.

The important question in the case is: Did the Court err in overruling the motion of the defendant Insurance Company for an instructed verdict?

The undisputed evidence is, that the boiler's usefulness was destroyed by fire; it being badly burned, cracked, and warped. It was incumbent upon the plaintiff to produce ██ evidence that the overheating of the boiler and resulting damage was caused by gas explosion under the terms of the policy.

The theory of the plaintiff was that there was some gas explosion, which ruptured the boiler, thereby letting the water out, resulting in the overheating and burning by the gas, which continued to burn, and that the fire resulted from a gas explosion.

There is no physical evidence of any explosion. The circumstances attendant upon the occurrence, as related by the plaintiff in his evidence are set out in the record, as follows:

"A. Next morning before seven o'clock, six-thirty, I had a telephone call from the caretaker that the boiler is getting hot so we immediately went out there to see what is the matter. I come out and see the water from the boiler is running out gradually, the floor full of water. The boiler was getting real hot so I immediately shut off the gas valves in the main housing; was afraid of an explosion. I stood there, opened the doors and windows thought maybe the boiler getting cooled off without no gas but the boiler got still hotter all the time so I called the fire department. The Hook and Ladder come out from Avondale; they looked at the boiler—by the time they got there the boiler really red hot. They couldn't do anything to the boiler, didn't want to put no fire or anything, afraid of explosure and blowing up the building. They broke the plaster ceiling and brick that the fire wouldn't spread throughout the building; put some chemical in top and got it down gradually. By the time they left the boiler twisted round completely, nothing left of it, burned like a piece of wood. I never experienced anything like that myself, neither did the fire department see any boiler burn up like that. After that I called up the agent that had insurance policy on it. They called up headquarters, or whatever it is—the chief agent. They sent out Mr. Finch. He called me up, made appointment with me, I think the following morning or maybe a day after. I met Mr. Finch at the building looking at the boiler. He asked me what causes was that and I said I really don't know but my experience taught me it was boiler condition; 12 or 14 sections and I thought one of the sections ruptured in the boiler leaving the water escape gradually during the night and this would cause the boiler to have that flow of water and heat from the gas would naturally burn up the boiler. Thought maybe it was a slight explosion—maybe a large explosion—"

Clearly, this is not evidence of a gas explosion. It is nothing more or less than a guess as to the cause of the damage. Plaintiff states: "Thought maybe it was a slight explosion—maybe a large explosion—" This is not evidence proving that a gas explosion took place. Undoubtedly, the overheating and burning of the boiler was due to the fact that it was without water.

Plaintiff testified that he put water in the boiler three days before, when they started the heater, at the request of the tenants. It is shown that the heating system was a steam heating system, and the supply of water to the boiler was from the condensation of steam. One guess as to the cause of the absence of water is as good as another. But this does not amount to evidence, and is nothing more than an inference on inference, and cannot be considered as having any probative force.

It will be noted that no one heard any explosion of any kind. The condition of the boiler was discovered by the caretaker, who then telephoned the plaintiff owner.

In the cross-examination of the plaintiff, he states, when testifying as an expert builder:

"If the explosion would be a sudden explosion then this would blow doors, windows, everything out—I mean doors from the boiler. But a minor explosion, what we term minor, it would come gradual, not all at once. There are several things that could cause that."

This is the strongest and probably the only evidence offered in an endeavor to show an explosion.

Some expert witnesses were called, none of whom was able to state that there was an explosion, of any kind. Their testimony was practically to the effect that the boiler became overheated from some cause.

We are unable to find any substantial proof in the record of any gas explosion, which it was necessary for plaintiff to produce in order to bring himself within the protection of the policy. In this situation, the trial court should have granted the motion of the defendant Insurance Company for an instructed verdict, and the failure of the court to so instruct was reversible error.

Our conclusion on this point makes it unnecessary to discuss the other question raised, that of false affidavit in proof of claim.

For the overruling of the motion for an instructed verdict at the close of the evidence, the judgment is reversed.

There being no credible evidence in the record to sustain the claim of an explosion, judgment will be entered in this court for the defendant, Insurance Company.

MATTHEWS, PJ. & ROSS, J., concur.